IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

In Re:                                                    )
                                                          )
MONEICA L. TALIB,                                         )        Case No.  05-71954
                                                          )
        Debtor                                  )

**ORDER DENYING MOTION TO WAIVE DEBT
COUNSELING PRIOR TO FILING**

The issue before the Court is the adequacy, under § 109(h)(3), of Debtor's certification of Exigent Circumstances and Motion to Waive Debt Counseling Prior to Filing. More specifically, the issue is whether a debtor who waits until the afternoon prior to the day of a scheduled foreclosure sale to seek credit counseling and is told by the credit counseling service that the required counseling can be provided within two days – less than five days subsequent to her request, but after the scheduled foreclosure sale – is eligible for a waiver of the prepetition credit counseling requirement. For all the reasons set forth below, this Court holds that the Debtor's certification does not meet the requirements of § 109(h)(3), that the Debtor is not eligible to be a debtor and that the case must be dismissed.

**I.  FACTUAL BACKGROUND**

Debtor filed a petition initiating a case under Chapter 13 of the Bankruptcy Code on November 18, 2005. In lieu of a certificate evidencing her having obtained the briefing required by § 109(h)(1), Debtor filed a Certification of Exigent Circumstances and Motion to Waive Debt Counseling Prior to Filing ("Certification"), seeking, pursuant to § 109(h)(3), a waiver of the requirement of prepetition credit counseling. The Certification, which was submitted by her counsel, was accompanied by a separate statement signed by the Debtor attesting to the facts alleged in the Certification. In the Certification, Debtor asserted that a foreclosure sale of her

residence was scheduled to occur sometime between the hours of 9:00 a.m. and 5:00 p.m. on November 18, 2005 and that she first contacted counsel about the possibility of filing a Chapter 13 proceeding to halt the foreclosure at 4:45 p.m. on November 17.  According to the Certification, the Debtor was immediately instructed to contact Consumer Credit Counseling of Springfield, Missouri ("CCC").  Debtor reported back to her counsel that she had contacted someone at CCC who suggested that she download and complete forms for the required credit counseling on the CCC website and advised that she would be contacted by a counselor soon thereafter.  Apparently anxious about the completion of her credit counseling, Debtor contacted CCC at 8:00 the following morning to determine when her counseling might be completed.  She was told that the counseling could be completed within approximately two days, but not by noon on November 18, 2005 (apparently the precise time at which the foreclosure sale was scheduled to be conducted).  The Certification then asserts that counsel could not be assured of obtaining a certificate of completion before filing the petition in time to halt the scheduled foreclosure sale and requests that the Court consider the cited circumstances to be exigent, grant a waiver of the prepetition credit counseling requirement and authorize Debtor to submit the certificate within 30 days.

## II.  DISCUSSION AND ANALYSIS

### A.  Applicable Law

Added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("Act"), § 109(h)(1) requires that an individual debtor receive, prior to the filing of the petition, certain counseling from an approved credit counseling agency during the 180-day period prior to the filing in order to be eligible for relief under any chapter of

Title 11. 11 U.S.C. § 109(h)(1).[1] Section 521(b)(1) implements this provision by adding to the list of documents required to be filed at the commencement of a case a certificate from the agency providing those services. 11 U.S.C. § 521(b)(1). Proposed amendments to the Federal Rules of Bankruptcy Procedure (adopted as local rules) require that document to be filed "with the petition in a voluntary case." Interim Bank. R. 1007(b)(3) and 1007(c). A debtor may obtain an exemption from the requirement of receiving those services prior to the filing of the petition under the exigent circumstances exemption contained in § 109(h)(3). In order to qualify for that waiver, the debtor must file a "certification" which must: (1) describe exigent circumstances that merit a waiver of the requirement of prepetition credit counseling; (2) state that the debtor requested credit counseling services from an approved agency, but was not able to obtain the services during the five-day period beginning on the date of the debtor's request; and (3) be satisfactory to the court. 11 U.S.C. § 109(h)(3)(A). This certification must be filed "with the petition in a voluntary case." Interim Bank. R. 1007(b)(3) and 1007(c). Because the requirements are stated in the conjunctive, each of the three requirements must be satisfied for the debtor to qualify for the described exemption. *In re Cleaver*, ___ B.R. ___, 2005 WL 3099686 at *4 (Bankr. S.D. Ohio 2005); *In re Watson*, ___ B.R. ___, 2005 WL 2990902 at *4 (Bankr. E.D. Va. 2005); *In re Gee*, 332 B.R. 602, 604 (Bankr. W.D. Mo. 2005); *In re Hubbard*, 332 B.R. 285, 288 (Bankr. S.D. Tex. 2005).

As to the formal requirements of the certification, the statute offers little or no guidance. Although it describes the required document as a "certification", it does not define the term and

---

[1] The requirement is referred to in subsection (h)(1) as a "briefing" that "outlined" opportunities for credit counseling and included assistance in performing a budget analysis. In paragraph (3) of that same subsection, the reference is to "credit counseling services." Given the context, the Court will assume that the same requirement is being addressed and will simply refer to it for purposes of convenience in this opinion as "credit counseling."

contains no specific requirements as to the form of the document. Several courts have held, relying upon 28 U.S.C. § 1746, that the certification must be subscribed to as true under penalty of perjury. *In re LaPorta*, ___ B.R. ___, 2005 WL 3078507 at *2 (Bankr. D. Minn. 2005); *In re Hubbard*, ___ B.R. ___, 2005 WL 3061939 at *2. That statute provides that whenever a law, rule, regulation or order requires that a matter be supported by a "sworn declaration, verification, certificate, statement, oath or affidavit" the matter may be supported by an unsworn document of similar type subscribed to as true under penalty of perjury, in a form prescribed by the statute.[2] This Court is not convinced that the cited statute requires that a certification seeking a waiver under § 109(h)(3) must be signed under penalty of perjury. First, § 109(h)(3) requires the filing of a "certification", which, while close, is not one of the precise terms used in 28 U.S.C. § 1746. Second, the requirement that the petition and other documents filed with the petition be verified or contain an unsworn declaration under penalty of perjury, is contained in Rule 1008, which

---

[2] The statute in its entirety reads as follows:

Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

**(1)** If executed without the United States: "I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

(Signature)".

**(2)** If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

says, in its entirety: "All petitions, lists, schedules, statements and amendments thereto shall be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746." As noted above, Rule 1007 was amended (on an interim basis) to require that the certification for a waiver based on exigent circumstances be filed with the petition. This certification, however is not a "petition, list, schedule, statement or amendment" and is therefore not encompassed by the language of Rule 1008. No amendment has been made or proposed to that rule to reference this requirement; it therefore does not specifically require that the certification be verified or contain the unsworn declaration required by 28 U.S.C. § 1746.[3] Accordingly, this Court holds that a certification of exigent circumstances under § 109(h)(3) need not be made under penalty of perjury. *See Cleaver*, ___ B.R. ____ 2005 WL 3099686 at *3 (noting that "certification" is not defined in the Bankruptcy Code, that standard dictionary definitions of the term require at a minimum a written statement that the signer affirms or attests to be true and holding that certification signed by counsel and the debtor qualifies under § 109(h)(3)(A) despite not being affidavit or declaration under oath or containing typical certification language). As to other formal requirements, this Court adopts the suggestion in *Hubbard*, that the certification must "set forth the facts underlying any alleged exigent circumstances, the date(s) on which the debtor requested credit counseling, which agencies were contacted to render the services, why the debtor believes that the services could not be obtained before the filing, and when the services are reasonably likely

---

[3] Finally, the Court notes that this interpretation is also supported by the language and structure of new Proposed Official Form 23 styled Debtor's Certification of Completion of Instructional Course Concerning Personal Financial Management. This document, also captioned a "certification" is to be signed by the debtor, but is not set up to be subscribed under penalty of perjury. The proposed form, to be submitted by a debtor to comply with the requirement contained in 11 U.S.C. § 727(a)(11) that the debtor complete a course in personal financial management as a condition to obtaining a discharge, is required by new Interim Bankruptcy Rule 1007(b)(7). That rule describes the required document as a "statement" which, according to Rule 1008, is to be verified or contain an unsworn declaration as provided in 28 U.S.C. § 1746. Yet, the proposed Official Form does not require the document be subscribed under penalty of perjury.

to be obtained." *Hubbard*, 332 B.R. at 289. Accordingly, in the future the Court will expect certifications filed under § 109(h)(3) to be signed by the debtor and contain this information. Certifications not meeting these requirements will be rejected.[4]

### B. Adequacy of the Debtor's Certification

Having considered the formal requirements for a certification, the Court now must assess the substantive adequacy of the Certification filed in this instance. As noted above, the statute makes the exigent circumstances exception available only to debtors who satisfy each of the requirements of § 109(h)(3). That paragraph imposes three requirements, two subjective and one objective. The subjective tests require that the Court find that there are exigent circumstances that "merit a waiver" of the prepetition credit counseling requirement and that the Certification is "satisfactory to the court." The objective requirement is that the Certification allege that the debtor requested credit counseling prior to the filing of the petition from an approved agency but was told that the services would not be available for more than five days subsequent to the date of the request.

Here, the Debtor alleges that she first consulted counsel and sought credit counseling at approximately 5:00 p.m. on the afternoon prior to the date of the scheduled foreclosure sale on her residence. At first blush, the imminence of the proposed sale would appear to satisfy the exigent circumstances requirement. *See*, *e.g., In re Hubbard*, ___ B.R. ___, 2005 WL 3117215 at \*4 (Bankr. S.D. Tex. 2005). Upon closer examination, this Court has some doubt on the issue. The statute requires that the Court find that there are exigent circumstances that "merit a waiver" of the requirement that the debtor obtain counseling services prior to filing. This suggests that

---

[4]The other judges in this District have authorized the Court to state that they will impose the same requirements in cases assigned to them.

the Court should consider all the facts and circumstances relating to the debtor's alleged inability to obtain credit counseling prior to filing a petition for relief. In other words, the focus should be not so much on the imminence of the event that threatens the debtor with loss of property and requires filing of the petition for relief in order to invoke the automatic stay, but on the reasons why the debtor was unable to obtain the required credit counseling prior to having to file for relief.

In this instance, when the Debtor first turned her attention to the credit counseling requirement, she was less than 24 hours away from a foreclosure sale. Obviously, invoking the automatic stay by filing for relief was necessary in order for the Debtor to prevent a foreclosure sale on her home. The Debtor offers no explanation, however, as to why it would not have been possible for her to request the required credit counseling well in advance of the scheduled foreclosure sale. In the absence of such an explanation, the Court finds it difficult to determine whether the circumstances are such that a waiver of the prepetition credit counseling requirement is merited. Assuming the holder of the deed of trust on Debtor's residence complied with Missouri law (and its publication and notice requirements) the Debtor has been apprised of the date of the pending foreclosure sale for several weeks. In addition, this case was not filed immediately after the effective date of the Act, but more than 30 days after the new requirement had become effective and was widely known. Based on the Certification submitted, the Court would be justified in finding that the exigent circumstances which make it necessary for the Debtor to request authorization to file without having first obtained credit counseling were of the Debtor's own making and that no case has been made as to why they "merit" a waiver. Put another way, the Certification would not be "satisfactory to the Court." The Court recognizes that procrastination in arranging a bankruptcy filing is commonplace and may occur for a variety

of reasons, some justifiable, some not, ranging from inability to muster the funds necessary to compensate bankruptcy counsel to unwillingness to come to terms with the debtor's financial difficulties. No justifications for the delay in this case are set forth in the Certification. The Court is not saying that a debtor who waits until the eleventh hour may never satisfy the exigent circumstances exception, but only that a certification requesting a waiver in such a situation must not only address the imminence of the event which requires the debtor to file by a particular time, but also provide an explanation as to why the required credit counseling services were not or could not have been obtained prior to the filing. Exigent circumstances must be considered in conjunction with the objective requirement regarding the availability of credit counseling services after request, to which the Court now turns. The existence of this objective requirement is a restraint on the ability of debtors to obtain a waiver in circumstances such as this and may obviate the need for the Court to engage in second guessing the reasons for the debtor's procrastination. Because the Court has not previously expressed its views on the scope of the exigent circumstances waiver and because, for the reasons set forth below, it finds the Debtor has failed to satisfy the objective requirement set forth in § 109(h)(3)(A)(ii), it does not reject the Certification in this case for an inadequate description of exigent circumstances.

In several instances, courts have been called on to rule on the adequacy of an exigent circumstances certification involving a debtor with an imminent foreclosure sale or judicial proceeding that would dispossess the debtor of his residence or other property. *See Cleaver*, 2005 WL 3099686 at *1; *Watson*, 2005 WL 2990902 at *2. In each of these cases, the court rejected the certification as not in compliance with the statute in that it failed to allege that the debtor had requested credit counseling services and been unable to obtain them within the five-day period subsequent to the date of the request. In each of these cases, however, the

certification alleged only generally that the debtor had been unable to obtain the services prior to the scheduled sale or hearing and offered no detail as to what the debtor had been told about the availability of credit counseling.  In this case, the Debtor alleges specifically that she sought credit counseling on the afternoon before the day of the scheduled foreclosure sale and was told that she could not obtain the required counseling for a period of approximately two days.  It thus poses the specific question of whether a debtor who can obtain the required credit counseling within the five-day period, but subsequent to the event which creates the need to file, is eligible for an exigent circumstances waiver.

A similar scenario was recently presented to the court in *In re Wallert*, ___ B.R. ____, 2005 WL 3099679 (Bankr. D. Minn. 2005).  In that case, although the facts are not entirely clear, the debtor apparently consulted counsel for the first time on the day before the scheduled foreclosure sale.  She then consulted two credit counseling agencies, both of which advised that it would not be possible to conduct the credit counseling on such short notice.  She then elected to file the case because of the imminence of the pending sale.  The court denied the request for a waiver, holding that the debtor's failure to allege that she had been unable to obtain the counseling services during the five-day period beginning with the date of her request rendered her ineligible to be a debtor.  *Wallert*, 2005 WL 3099679 at *3; *see also, In re Hubbard*, 2005 WL 3117215 at *6 (court rejects the certification of debtors filing immediately preceding scheduled foreclosure or sequestration hearings as not in compliance with § 109(h)(3)(A)(ii), since evidence demonstrated agency could have offered required services within four to five days of request).  The Court observed that this objective requirement appears to constitute a congressional determination that providing services within five days after request is a reasonable response on the part of the credit counseling agency and offers the debtor a reasonable

opportunity to obtain the services prior to filing. In this case, the Debtor also sought credit counseling services for the first time only the day prior to the scheduled foreclosure sale. The Debtor was told that she could obtain credit counseling within two days from the date of her request, well within the five-day window established by the statute. Accordingly, her Certification fails to comply with the objective requirement for a waiver contained in § 109(h)(3)(A)(ii).

The statutory language is clear and the Court's obligation is to apply it according to its terms, unless such a literal application would produce an absurd result or one demonstrably at odds with the intent of the drafters. *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242 (1989); *Wallert*, 2005 WL 3099679 at *5; *Watson*, 2005 WL 2990902 at *4; *Hubbard*, 332 B.R. at 288.[5] As the court noted in *Wallert*, Congress may have imposed this requirement specifically to discourage the practice of hastily filing for relief. *Wallert*, 2005 WL 3099679 at *4. Whether that is a wise policy decision is not a determination for this Court to make. *Wallert*, 2005 WL 3099679 at *4; *Watson*, 2005 WL 2990902 at *4. In this case, the Debtor could not reasonably have expected the credit counseling service to accommodate her need for counseling given the time allowed between her request and the time of the pending foreclosure sale. The response she received was well within the parameters set by Congress and apparently consistent with voluntary industry standards on best practices.[6] The seemingly harsh effect of

---

[5]Concededly, a literal application of the statute may lead to anomalous results. For example, in this case, had the Debtor consulted a different credit counseling service which had advised her that she could obtain the required credit counseling services no sooner than seven days after the date of her request, she would have satisfied the requirements of § 109(h)(3)(A)(ii). Whether this Court would also find under that set of facts that the Debtor had established exigent circumstances that merited a waiver of the prepetition credit counseling requirement is not an issue this Court needs to decide here.

[6]See Leslie E. Linfield, *Strange Bedfellows: Bankruptcy Reform and Mandatory Credit Counseling*, 24 Am. Bankr. Inst. J. 12, n.9 (May 2005) (*Best Practices Guidelines* published by the Association of Independent Consumer Credit Counseling Agencies calls for such agencies to offer an appointment within two business days of a

the literal application of the statutory requirement is ameliorated in part as well by the opportunity, sanctioned by the terms of the statute, to obtain the required counseling via the internet or by telephone.

Because the Debtor did not obtain the credit counseling prior to the filing of the petition, and because she does not qualify for an exigent circumstances waiver, she is not eligible to be a debtor under § 109(h). Under these circumstances, the Court may not grant the requested extension to obtain the credit counseling postpetition. *Wallert*, 2005 WL 3099679 at *3; *LaPorta*, 2005 WL 3078507 at *3. The Debtor's ineligibility for relief constitutes cause for dismissal of the case under § 707(a). Dismissal of the case, although harsh, is the only appropriate remedy given that the Debtor's failure to comply with the provisions of § 109(h) cannot be cured subsequent to the filing. *Wallert*, 2005 WL 3099679 at *6; *LaPorta*, 2005 WL 3078507 at *4.

For all the reasons cited above, the Debtor's Motion to Waive Debt Counseling Prior to Filing is denied and the case is dismissed.

Dated:     December 1, 2005            /s/ Dennis R. Dow
                                        THE HONORABLE DENNIS R. DOW
                                        UNITED STATES BANKRUPTCY JUDGE

#2

Copy electronically served on Frank Brown and Richard Fink.

---

request).